IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK A. CONTRERA | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv244 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Frank A. Contrera, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Discussion

On September 26, 2012, in the 432nd District Court for Tarrant County, Texas, petitioner was convicted and sentenced to a term of five years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner brings this petition attempting to contest his conviction and sentence.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Polunsky Unit in Livingston, Texas which is located in the Eastern District of Texas. However, petitioner was convicted and sentenced in Tarrant County, Texas. Pursuant to 28 U.S.C § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Fort Worth Division of the Northern District of Texas and all records and witnesses involving this action may be located in the Northern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division. Accordingly, it is

**ORDERED** that the Clerk of Court will **TRANSFER** this action to the Clerk of Court for the United States District Court for the Northern District of Texas, Fort Worth Division.

SIGNED this 1st day of November, 2013.

_____
Zack Hawthorn
United States Magistrate Judge

2